ORIGINAL

FILED
SUPERIOR COURT
OF GUAM

2014 JUN 30 PM 1: 28

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0137-14 |
| v. | DECISION AND ORDER |
| JASON JESUS CRUZ, | |
| Defendant. | |

This matter came before the HONORABLE VERNON P. PEREZ on June 18, 2014 on Defendant's Motion to Dismiss the Indictment. Alternate Public Defender Ana Maria C. Gayle represented the Defendant, who was present, and Assistant Attorney General Nicole D. Driscoll represented the People. The Court took the matter under advisement and now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with Burglary as a second degree felony and Theft of Property as a misdemeanor. The charges stem from a March 28, 2014 incident wherein the Defendant allegedly entered the manager's office of the 671 Game Room in Mongmong and removed the manager's bank deposit bag.

On April 14, 2014, Defendant filed a Motion to Dismiss the First Charge of Burglary challenging the sufficiency of the evidence presented to the Grand Jury to establish reasonable cause for the charge. On April 29, 2014, the People filed an Opposition to the Motion to Dismiss the First Charge. On June 17, 2014, a Decision and Order was issued denying the

*People v. Cruz*
Case No. CF0137-14
Decision and Order

motion. Defendant then filed a Motion to Dismiss the Indictment and an Addendum to the Motion to Dismiss.

## DISCUSSION

Defendant moves to dismiss this case on two grounds: first, that the prosecutor failed to allege facts or offer evidence tying the Defendant to the charges; and second, that the premises Defendant entered were open to the public, thereby providing a complete defense to burglary. Def.'s Notice of Mot. at 1; Addendum to Def.'s Notice of Mot. at 1. During the motion hearing the People indicated that they consider these new motions to be an extension of the Defendant's first motion and, therefore, maintain their opposition. Record Log at 10:24:14, June 18, 2014.

As previously presented in the June 17, 2010 Decision and Order, dismissal of an indictment is considered a "drastic step" and is generally disfavored as a remedy. *Guam v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993) (citing *United States v. Rogers*, 751 F.2d 1074, 1076-77 (9th Cir. 1985)). Once an indictment is returned, a party challenging it bears a heavy burden—"he must demonstrate that the prosecutor engaged in flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise independent judgment." *United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983) (citing *United States v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982)). Otherwise, a reviewing court should uphold an indictment if there is some rational ground for assuming the *possibility* that an offense has been committed and that the accused is guilty of it. *Grajo*, 1987 WL 109393 at *2 (emphasis in original) (citing *Ketchel*, 381 P.2d at 409).

Defendant argues that an individual's mere presence at the scene of a crime is insufficient proof of liability. Def.'s Notice of Mot. at 2-3. Defendant supports this argument with the assertion that he was merely a patron of the 671 Game Room and that other than being present in the game room and entering and exiting through a door marked "exit" and

*People v. Cruz*
Case No. CF0137-14
Decision and Order

"employees only," there is no connection tying him to the alleged stolen property. *Id.* at 2. Defendant further argues that the alleged stolen property was never recovered by the police and that the property could have been misplaced by the owner or taken by another person during the six and half hour time frame in which the property went missing. *Id.* Defendant argues that the police did not review the full six and a half hours of video surveillance footage. Addendum to Def.'s Notice of Mot. at 2. Defendant cites to cases in which convictions were overturned on appeal after a finding that there was no showing of anything more than the defendants' presence at the scene of a crime or association with a criminal or criminal activity. *Id.* at 2-3.

At the June 18, 2014 motion hearing, the People represented to the Court that during an interview with the game room manager, it was revealed that Defendant was the only one present during said time frame. Record Log at 10:25:44, June 18, 2014. This new information provides more to consider than Defendant's mere presence at the game room and distinguishes the instant case from the cases cited by Defendant because the defendants in those cases were not the sole persons present at the scene of the crime. *Id.* at 2-3.

Defendant also argues that a showing that the premises in question were open to the public provides a complete defense to the charge of burglary. Addendum to Mot. at 1 (citing *State v. Laster*, 735 So. 2d 481, 481 (Fla. 1999)). Defendant supports this argument with the assertion that the game room was open to the public and the Defendant entered the game room and used the machines, thus, he was a customer or an invitee of the game room and thereby had a license to remain on the premises. *Id.* Defendant acknowledges that once inside the game room he entered a door marked "exit," but also marked "employees only." *Id.* at 2. Defendant argues that no employee forbade him, physically or verbally, from going through this door. *Id.* at 2. During the June 18, 2014 motion hearing, Defendant offered a correction to the record to indicate that Defendant does not admit entering the manager's office, but instead argues that he,

as an invitee, entered into the room through the door marked "employees only," which was a lounge-type area. Record log at 10:20:37, June 18, 2014.

The People do not contest that the game room was open to the public. The People argue that the room through the door marked "employees only" was a separately secured or occupied portion of the game room and was not open to the public. This was clearly communicated by the "employees only" sign, despite there being an "exit" sign above the door. Addendum to People's Opp'n to Mot. to Dismiss at 2. The People further argue that the Defendant had parked his car in the front parking lot and had entered the game room through the front, main entrance; therefore, he had no reasonable motive to enter into the room marked for "employees only," even if it provided an avenue to a rear exit. *Id.* at 3.

While the Florida case cited to by Defendant does support his contention that a person cannot be guilty of burglary if he entered a place open to the public, the holding of *Laster* was later distinguished. *See Davis v. State*, 988 So. 2d 1125, 1127 (Fla. Dist. Ct. App. 2008). Guilt for a charge of burglary for entering a place open to the public can still be established by a showing that the accused entered into a separate portion of said place that was secured or occupied, and thus, not open to the public. *See id.*; *e.g.*, *Evans v. State*, 677 S.W.2d 814, 816-17 (Tex. Crim. App. 1984) (holding that a separate office in a clothing store open to the public qualified under the burglary statute). This is in line with Guam's burglary statute. 9 G.C.A. § 37.20(a) ("A person is guilty of burglary if he enters . . . a separately secured or occupied portion . . . ."). Defendant acknowledges that he entered a separate room through a door marked "employees only," Addendum to Def.'s Notice of Mot. at 2, and that the room he entered was a space for employees, Record Log at 10:22:41, June 18, 2014.

After considering the arguments of both parties and the new information provided at the motion hearing, the Court finds that these matters are to be determined by a jury. Under the

*People v. Cruz*
Case No. CF0137-14
Decision and Order

standard to dismiss an indictment, there is sufficient evidence at this time to establish the possibility that an offense was committed and that the defendant committed it.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Indictment is hereby **DENIED**. The parties are to return on ___7-2-14___ at 9:30 (a.m.)/p.m. for a pretrial conference.

**IT IS SO ORDERED** this 30th day of June, 2014.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
Original hereto, was placed in the
court box of:
Ab, AFD
DMR
Date: Time:
Deputy Clerk, Superior Court of Guam

*People v. Cruz*
Case No. CF0137-14
Decision and Order